IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9803-CR-00123 |
| | ) | |
| Appellee | ) | CAMPBELL COUNTY |
| | ) | |
| v. | ) | HON. LEE ASBURY, JUDGE |
| | ) | |
| REMA LYNN MORGAN, | ) | (Attempted aggravated rape) |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Martha Yoakum
District Public Defender
Eighth Judicial District

Charles Herman
Assistant District Public Defender
P.O. Box 337
Jacksboro, TN 37757

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

## O P I N I O N

The defendant was convicted of attempted aggravated rape and sentenced to serve 25 years as a range 3 persistent offender.[1]

The defendant says the evidence is insufficient to support the conviction and that the trial judge erred in finding him to be a persistent rather than a multiple offender.

The judgment of the trial court is affirmed.

On January 17, 1997, a young woman was traveling on I-75 with her husband.  When they reached Caryville in Campbell County, they stopped at a Shoney's restaurant so the woman could go to the bathroom.

The woman entered the women's bathroom in the restaurant at approximately 10:00 p.m.  Just moments after this, the manager, employees, and customers heard screams coming from the bathroom.  The manager and some of the employees ran to investigate.

The almost consistent statements of these witnesses was that when they entered the bathroom they saw the defendant standing over the woman.  Some of the witnesses observed the defendant strike the woman and others saw him push her down onto a commode when she tried to escape.  Some of the employees testified the man's trousers and underwear were down to his knees.  Others saw the defendant buckling his belt when they entered.

The woman testified that as she started to leave the stall she had used the defendant was in the stall door disrobed from the waist down to his knees and that he shoved her back into the stall.  She testified that the defendant struck her several times and that she fought to escape. The attack continued until she was rescued by two men who entered the restaurant.

---

[1] The defendant was also convicted of aggravated kidnapping, but the trial judge dismissed that conviction because it was a part of the attempted aggravated rape.

There was no evidence introduced to refute the State's evidence.

## SUFFICIENCY OF THE EVIDENCE

The defendant's main argument on the matter of the sufficiency of the evidence is that before a person can be convicted of an attempt to commit a crime he must be shown to have acted in such a way as to show his conduct constituted a substantial step towards the commission of the offense as defined in Tenn. Code Ann. § 39-12-101. He argues that under subsection (a)(3) conduct does not constitute a substantial step unless the person's entire course of action is corroborative of the intent to commit the crime.

The evidence as set out above shows the conduct of the defendant. Furthermore, the woman received cuts and bruises from the blows and physical violence inflicted on her by the defendant. This constitutes a substantial step towards commission of the crime.

The evidence to convict must be sufficient for a rational trier of fact to find the defendant guilty of the offense upon which a conviction is had. *Jackson v. Virginia,* 443 U.S. 307 (1979). In our view of the evidence, it is clear the defendant assaulted this woman with the dear intent to rape her. He was stopped by the intervention of other people. It would, in our opinion, require an unreasonable trier of fact to find otherwise.

The evidence is sufficient to support the verdict.

## SENTENCING

The sentencing range for a range 3 persistent offender is 20 years to 30 years. The trial judge found that the defendant's record placed him in the persistent offender classification and that certain enhancing factors justified an elevation of the sentence from 20 years to 25 years. Only the classification, not the enhancement, is at issue in this case.

The defendant contends he should be classified as a multiple offender rather than a persistent offender. He contends he has no more than four prior convictions within the class or range of the convicting offense and he is thus to be sentenced under Tenn. Code Ann. § 40-35-106 as a multiple offender.

The record shows the defendant had prior convictions in the state of Georgia for rape, a class B felony; aggravated assault, a class C felony; and armed robbery, a class B felony. The record also shows the defendant had a conviction for robbery in Kentucky, which is a class C felony. The defendant was convicted also of a class E felony of theft in Kentucky.

When the assistant district attorney was making argument to the court on the two Kentucky convictions, he spoke of a conviction in Kentucky for second degree assault, which is a class E felony in Kentucky. The State introduced the statute of second degree assault showing that offense to be described essentially the same as the second degree assault statute in Tennessee, which under our law is a class C felony. For sentencing purposes, this is to be considered as a class C felony in our courts.

The defendant in this case was convicted of a class B felony. He has prior convictions of two class B felonies and three class C felonies. He falls therefore under Tenn. Code Ann. § 40-35-107(1) because he has five or more felonies within the definition in subsection (a)(1) of a persistent offender and the trial judge properly sentenced him.

The judgment of the trial court is affirmed. It appearing that the defendant is indigent, costs of the appeal are taxed to the State.

_____
              John K. Byers, Senior Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge



_____
Norma McGee Ogle, Judge

-4-